# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792-0048 • E: Jason@levinepstein.com

**MEMO ENDORSED**

September 27, 2023

**VIA ECF**
The Honorable Barbara C. Moses, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/2023
```

Re:   *Perez Farias v. Rainbow Cleaning Service, LLC et al*
      **Case No.: 1:23-cv-03751-PAE-BCM**

Dear Honorable Magistrate Judge Moses:

This law firm represents Plaintiff Yuri Perez Farias (the "Plaintiff") in the above-referenced matter.

This letter respectfully serves to respond to Your Honor's September 27, 2023 Order [Dckt. No. 15]. This letter further serves to request a *nunc pro tunc* enlargement of time to serve individual defendants Andrii Gurskyi and Irina Shebshenko (together, the "Individual Defendants") to, through and including October 20, 2023.

**I.   Legal Argument**

**A. The Court Should Grant a Short Extension of Time to Complete Service on the Individual Defendants**

Rule 4(m) provides, in relevant part:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc*., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id.* Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

### i. Good Cause Exists to Grant a *Nunc Pro Tunc* Extension of Plaintiff's Deadline to Serve the Remaining Non-Appearing Defendants

The instant action was filed on April 12, 2023. [Dckt. No. 1]. Pursuant to Fed.R.Civ.P. 4(m), Defendants were to be served on or before July 11, 2023.

The undersigned law firm's typical policy is to effectuate service of process immediately following the issuance of the issuance of a summons, by the Clerk of Court, which in this case occurred on April 13, 2023. [*See* Dckt. No. 5].

Corporate defendant, Rainbow Cleaning Service, LLC (the "Corporate Defendant") was served on April 21, 2023. [*See* Dckt. No. 9].

On or around April 24, 2023, Plaintiff's process servers unsuccessfully attempted to serve the Individual Defendants at the address located at 435 West 47th St., New York, New York 10036. Service was unsuccessful, because the address listed in the Summons was **453 West 47th St**., New York, New York 10036.

Thus, due to an administrative oversight, Plaintiff's process servers did not effectuate service of process on the Individual Defendants as prompted, on or around April 13, 2023. Plaintiff's process servers have since been advised to re-attempt service at the correct address.

In light of the foregoing, it is respectfully requested that the Court grant a *nunc pro tunc* enlargement of time to accomplish service on the Individual Defendants, to, through and including October 20, 2023.

### II. Conclusion

The undersigned intends to proceed with this action, once each Defendant has appeared. In the alternative, the undersigned intends to proceed with the filing of a clerk's certificate of default, in anticipation of a motion for default judgment, in the event of Defendants' continued non-appearance.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165

Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

VIA ECF: All Counsel

---

Application GRANTED. No later than **October 20, 2023**, plaintiff shall serve individual defendants Andrii Gurskyi and Irina Shebshenko with process *and* file proof of such service. It is further ORDERED that no later than **October 20, 2023**, plaintiff shall either file a stipulation granting defendant Rainbow Cleaning Service, LLC additional time to respond to the complaint or apply for a certificate of default. Failure to comply with either of the above deadlines could result in the dismissal of the action against the appropriate defendant(s). SO ORDERED.

*[signature]*

Barbara Moses
United States Magistrate Judge
October 2, 2023