```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YURI PEREZ FARIAS,

        Plaintiff,

-against-

RAINBOW CLEANING SERVICE, LLC, et al.,

        Defendants.

23-CV-3751 (PAE) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court is in receipt of plaintiff's letter-motion dated October 23, 2023 (Letter) (Dkt. 26), requesting an extension of her time to complete service of process and leave to serve individual defendants Andrii Gurskyi and Irina Sheshenko by alternative methods (including iMessage, WhatsApp, and email), pursuant to Fed. R. Civ. P. 4(m) and N.Y. C.P.L.R. § 308(5).[1]

### Individual Defendants

    The Court cannot determine, based on counsel's unsworn letter-motion, "whether the plaintiff was diligent in making reasonable efforts to effect service" on the individual defendants before seeking relief from the Court. Letter at 2 (quoting *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016)). No later than **November 1, 2023**, plaintiff shall provide admissible evidence (*e.g.*, an affidavit or declaration with appropriate attachments) demonstrating:

1. Her "diligent, but unsuccessful, attempts to serve the Individual Defendants," Letter at 3, including her attempts to serve them at 453 West 47th Street, 86A East Avenue, and either 445 or 455 Park Avenue;[2]

---

[1] Plaintiff mistakenly filed her application simply as a "letter," rather than as a letter-motion. *See* S.D.N.Y. ECF Rules & Instructions § 13.1.

[2] In an earlier letter, dated October 11, 2023, plaintiff referred to "an office address at **445** Park Ave. New York, NY 10022," but later stated her intention "to serve the Individual Defendants at

2. The basis for attempting service at 86A East Avenue; and

3. The basis for plaintiff's belief that service by the alternative methods proposed in her Letter would provide "notice reasonably calculated, under all the circumstances," to apprise both individual defendants of the pendency of the action. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### Corporate Defendant

Plaintiff served defendant Rainbow Cleaning Services LLC (Rainbow) on April 21, 2023 (*see* Dkt. 9), making Rainbow's answer due May 12, 2023. However, Rainbow has not appeared, and plaintiff has neither granted it additional time to respond to the complaint nor requested a certificate of default, despite the Court instructing her to do so on two occasions and warning her that, should she fail to take action, her claims against Rainbow may be dismissed. (*See* Dkts. 15, 19.) No later than **November 1, 2023**, plaintiff shall either (i) file a stipulation granting Rainbow additional time to respond to the complaint, or (ii) apply for a certificate of default. <u>Should plaintiff fail to comply with this Order, her claims against Rainbow may be dismissed without further notice</u>.

Dated: New York, New York
       October 24, 2023                         SO ORDERED.

                                                _____
                                                **BARBARA MOSES**
                                                **United States Magistrate Judge**

---

the purported office address, at **455** Park Ave." (Dkt. 20 at 1-2) (emphasis added). It is unclear from the October 11 letter which address plaintiff believed to be correct.