UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YURI PEREZ FARIAS,<br><br>                              Plaintiff,<br><br>               -v-<br><br>RAINBOW CLEANING SERVICE, LLC *et al.*,<br><br>                              Defendants. | 23 Civ. 3751 (PAE) (BCM)<br><br><u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

Plaintiff Yuri Perez Farias sues his former employer, Rainbow Cleaning Service, LLC

("Rainbow Cleaning"), and Rainbow Cleaning's owners, Andrii Gurskyi and Irina Shebshenko,

for unpaid overtime wages and related relief, under the Fair Labor Standards Act, 29 U.S.C.

§ 201 *et seq.*, and New York Labor Law § 190 *et seq.*  On July 17, 2024, the Court granted

Farias's motion for default judgment against all defendants, Dkt. 55, and referred the case to the

Honorable Barbara C. Moses, United States Magistrate Judge, for an inquest into damages,

attorneys' fees, and costs, Dkt. 56.

On July 9, 2026, Judge Moses issued a Report and Recommendation.  Dkt. 65 (the

"Report").  The Report recommends that Farias be awarded (1) $14,467 in damages (comprising

$7,233.50 in unpaid overtime wages and $7,233.50 in liquidated damages under New York law),

plus prejudgment interest at the statutory rate of 9% between January 1, 2023 and the date on

which judgment is entered; and (2) $14,982 in attorneys' fees and $866.60 in costs.  *Id.* at 24.

No party timely objected to the Report.

For the following reasons, the Court adopts the Report in full.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party submitted timely objections to the Report, review for clear error is appropriate. Careful review of Judge Moses's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. The Report explicitly states that "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review." Report at 24. The parties' failure to object thus waived appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

**CONCLUSION**

For the above reasons, the Court accepts and adopts Judge Moses's Report in its entirety. The Court awards Farias (1) $14,467 in damages (comprising $7,233.50 in unpaid overtime wages and $7,233.50 in liquidated damages), plus prejudgment interest at the statutory rate of 9% between January 1, 2023 and the date on which judgment is entered; and (2) $14,982 in attorneys' fees and $866.60 in costs.

Within one week of this decision, Farias shall (1) serve the decision on defendants and file proof of such service on the docket; and (2) submit a proposed judgment consistent with this decision.

The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: July 24, 2026
       New York, New York